time in a navigable river, where it appeared that such caisson had been sunk by the plaintiffs in connection with the construction of a new railroad bridge, and that it was twenty-eight feet long by sixteen feet wide, and projected four feet above the water, and closed the south draw of the old bridge so that vessels could use only the north draw, which facts were known to the captain of the steamer and to the captain of the tug having the same in tow, and, in approaching the bridge, which was swung to let the steamer pass, the latter should have retarded its speed in order to get through the proper draw, but instead went ahead at full speed, and defendant contended that the lack of a city permit for the bridge and caisson constituted a defense, *held* that, as the negligent management of the steamer was the sole cause of the accident, the lack of a permit had no causal connection whatever with the occurrence and was therefore not a defense to the suit.

3. COLLISION—*when exclusion of ordinances is not erroneous.* The exclusion of city ordinances in an action for damages for injury to a caisson through its being struck by a steamer is not error where the violation of such ordinances had no causal connection with the occurrence in question.

---

# Advance Terra Cotta Company, Appellant, v. R. Watson Cross, Appellee.

## Gen. No. 22,833.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

## Statement of the Case.

Bill of interpleader by the Advance Terra Cotta Company, complainant, against Henry B. Prosser and R. Watson Cross, rival claimants for certain shares of stock of complainant corporation, defendants. From a judgment that the stock belonged to defendant Cross, dismissing the bill for want of equity, and for costs amounting to $278.75 against complainant in favor of defendant Cross, complainant appeals.

BUELL & ABBEY, for appellant.

EDWIN L. WAUGH, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. INTERPLEADER, § 19*—*when costs properly assessed against complainant.* On a bill of interpleader, where the bill alleged that the defendant and another party were rival claimants for certain shares of stock of the complainant corporation, and it was held that the stock belonged to the defendant, and the bill was dismissed for want of equity and the costs assessed against complainant, *held* that, as the bill was not brought in good faith, the costs were properly assessed against the complainant.

2. INTERPLEADER, § 19*—*when complainant acting collusively or in bad faith is liable for costs.* Costs on a bill of interpleader are as a general rule eventually taxed against the person who made the false claim and made the proceeding necessary, but where the complainant acts collusively or in bad faith, the costs of the successful claimant may be taxed against him in both the trial and Appellate Courts.

3. INTERPLEADER, § 2*—*when bill of does not lie in favor of corporation.* Where a bill of interpleader filed by a corporation alleged that one of the defendants and a certain other party were rival claimants for certain shares of the stock of the company, and it appeared that the president and agent of complainant made an agreement with such defendant to the effect that upon the performance of certain services he would be given as consideration certain shares of stock, and such services were performed by such defendant and the stock was issued, and such stock was the property in controversy, and such president was the other rival claimant, *held* that such president had no rightful claim to the stock, and that whatever controversy there was, lay wholly between complainant and such defendant, and that therefore there was no occasion for a bill of interpleader.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.